# EXHIBIT A

## **CONTINGENT FEE AGREEMENT**

The undersigned (collectively, the "Client") hereby engages Thompson Coburn, ("TC") to provide real estate tax assessment services for the following real estate (the "Property") subject to the terms and conditions in this Agreement:

| | |
|---|---|
| Address: | **55 E. Washington Street, Chicago – The Pittsfield Building ("Building"), all basement levels through floor 12, and floors 22-40 of the Building, but excluding floors 13-21 of the Building** |
| P.I.N.(s): | **17-10-312-019** |
| Township: | **South** |

### **Recitals**

A.   Pittsfield Development, LLC ("PD") is the registered owner of the real property with the above referenced P.I.N. as reflected in the tax assessor's records.

B.   During 2009, PD conveyed floors 9-12 of the Building to Pittsfield Residential II, LLC ("PR").

C.   During 2015, PD conveyed floors 2-8 of the Building to Pittsfield Hotel Holdings, LLC ("PHH"), and PR conveyed floor 9 of the Building to PHH.

D.   To date, separate P.I.N.s have not been assigned to the properties owned by PR or PHH. Each of floors 2-12 of the Building are contained within the Property associated with the above referenced P.I.N., and collectively, all of the real property owned within the Building by PD, PR and PHH constitute the Property as defined above.

E.   On or about March 26, 2017, PD filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"). The referenced bankruptcy has been assigned case no. 17-9513.

The parties hereto wish to enter into this Continent Fee Agreement under and subject to the terms and conditions set forth below:

1. Recitals/Engagement. The above stated recitals are true and correct in all respects, are incorporated herein by reference and made a part hereof. Subject to Bankruptcy Court approval: (i) Client hereby retains TC to represent Client in the office of the Assessor, the Board of Review, the Illinois Property Tax Appeal Board ("PTAB"), Circuit Court, or Bankruptcy Court for the purpose of obtaining a reduction in the assessed value of certain Real Estate for tax year 2017, and (ii) to represent Client in the office of the Assessor to apply for Certificates of Error for the tax years 2014-2016.

2. Tax Savings. Client's tax savings ("Tax Savings") shall be calculated first by subtracting the Final Assessed Valuation from the Proposed Assessed Valuation to determine the difference. That difference shall then be multiplied by the most recent ascertainable state equalization factor and the most recent ascertainable local tax rate to calculate the Tax Savings (i.e., if the local tax rate and state equalization factor have not yet been established, those in effect during the preceding year shall be used in the calculations).

3. Attorneys' Fees.

A. If the assessed value of the Property is reduced by the Assessor, Bankruptcy Court, or Board of Review, Client agrees to pay TC 15% of the tax year 2017 Tax Savings.

B. If a reduction in the assessed value is obtained as a result of an appeal to the PTAB, Client agrees to pay TC a contingent fee of 25% of the total refund or Tax Savings (if the taxes have not yet been paid) for each year in the triennial that the reduction is maintained either by decision of the PTAB or by a reduction by the Assessor or Board of Review as a result of the PTAB appeal.

C. If a reduction in the assessed value is obtained as a result of an appeal to the Cook County Circuit Court or through a Certificate of Error, Client agrees to pay TC a contingent fee of 25% of the total amount refunded or of the Tax Savings if the taxes were not paid.

4. <u>Payment of TC's Fees</u>. Other than for Rate Reduction Cases, Client agrees that TC's fees become due and payable upon Bankruptcy Court approval as set forth herein. TC shall send Client an invoice and letter that indicates the amount of TC's fees owed and how such fee was calculated. Client agrees to pay the invoice for such fees and/or expenses incurred within ten (10) business days following entry of an order by the Bankruptcy Court approving same.

5. <u>Expenses</u>. Subject to Bankruptcy Court approval, Client agrees to pay all reasonable expenses (including, but not limited to, copying, messenger, overnight air delivery costs, telecopy, appraisal fees and trade journals costs) incurred by TC in representing Client during its engagement. TC agrees that it will seek the Client's approval before incurring any single expense in excess of $250.00. However, TC understands and agrees that it may be required to apply to the Bankruptcy Court for approval for such expenses prior to reimbursement for same. Client makes no representation regarding the amount or timing of Bankruptcy Court approval of such expenses.

6. <u>Reserved.</u>

7. <u>Overdue Amounts</u>. Subject to Bankruptcy Court approval, Client agrees that it shall be liable for all reasonable attorneys fees and reasonable expenses, including paralegal fees, incurred by TC in collecting, litigating and settling any overdue or unpaid amounts owed TC hereunder.

8. <u>Continuation of Services</u>. Client acknowledges that this Agreement contemplates services with regard to Real Estate for the entire stated period, notwithstanding sale or other disposition thereof prior to termination hereof.

9. <u>Conflict Waiver</u>. To reduce recurring conflict problems, our firm has adopted a conflicts waiver policy concerning clients we represent only occasionally or in a limited area of work. We will represent such clients on the condition that they consent in advance to our representation of other clients in other matters where interests may conflict, so long as we, in the course of our representation, do not become privy to confidential information that would be relevant to such a representation of another client.

Therefore the undersigned agrees that TC's representation in this matter will not disqualify the firm from representing a client with adverse interests in another matter, including litigation, if that matter is unrelated to the subject matter of this representation. Client hereby consents to any conflict of interest with respect to those representations.

TC will undertake such an adverse representation only if the firm concludes that it can do so without any adverse effect on its ability to competently and diligently continue its representation in the present matter. The firm also agrees not to use any proprietary or other confidential information of a

nonpublic nature acquired as a result of our representation in connection with any such adverse representation.

10. <u>General Acknowledgment</u>. It is acknowledged by Client that TC may request that Client provide documentation from time to time that will enable TC to analyze the property and/or contest the property tax assessment and/or obtain a refund as a result of an assessment reduction. It is also acknowledged that TC shall not be responsible in any way whatsoever if an assessment reduction is not obtained due to Client's failure to timely provide complete documentation when requested.

11. <u>Exclusions</u>. This engagement as described in Paragraph 1 and the fees described in Paragraph 3 do not include the following matters: A. Defense of any under-assessment Complaint brought by a taxing body or taxpayer against the subject; B. Appeals of final administrative decisions of PTAB.

12. <u>Bankruptcy Court Approval</u>. The parties hereto acknowledge, understand and agree that this engagement agreement, along with all fees, costs and other amounts payable to TC are subject to approval by the Bankruptcy Court.

Agreed and accepted this ___ day of _____, 2017.

By: _____
Robert A. Danial

Authorized Officer or Agent of Pittsfield Development, LLC; Pittsfield Hotel Holdings, LLC; and Pittsfield Residential II, LLC

**E-MAIL ADDRESS:** rad@morganreed.com;

With Copy To: dmorman@bellsouth.net; wfactor@wfactorlaw.com